1  LAW OFFICES OF JULIA SKLAR
   JULIA SKLAR (Bar. No. 200948)
2  14414 Hamlin Street
   Van Nuys, CA 91401
3  Telephone: (818) 904-1597
   Fax: (818) 947-0177
4  Email: juliasklarlaw3@gmail.com

5  Attorneys for Plaintiffs
   MIRA MANUSOVA,
6  MIKHAIL MANUSOV

7

8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13

14  MIRA MANUSOVA, MIKHAIL           ) Case No.:
    MANUSOV                          )
15                                   ) **COMPLAINT**
                                     )
16              Plaintiffs,          ) **DEMAND FOR JURY TRIAL**
                                     )
17        vs.                        )
                                     )
18  VIKING RIVER CRUISES, INC.       )
                                     )
19              Defendant.           )

20

21                      **Complaint**

22      Plaintiffs Mira Manusova and Mikhail Manusov ("Plaintiffs") sue Defendant Viking

23  River Cruises, Inc., a for-profit company ("Defendant") and state:

24                **Parties, Jurisdiction and Venue**

25      1.    Plaintiff Mira Manusova (hereinafter "Plaintiff Manusova") was and is a 78-

26  year old resident of Aventura, Florida, where she is domiciled.

27      2.    Plaintiff Mikhail Manusov (hereinafter "Plaintiff Manusov") was and is a 75-

28  year old resident of Aventura, Florida, where he is domiciled.

3. Defendant Viking River Cruises, Inc. was and is a foreign corporation existing under the laws of and incorporated in the State of Alabama, with its marketing headquarters and principal place of business in Los Angeles, California.

4. The parties are completely diverse. More than $75,000, exclusive of costs, fees and interest, is in controversy. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in the Central District of California pursuant to the forum-selection clause in the contract of passage provided by Defendant to Plaintiffs. Also, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant engages in substantial and not isolated business in the district, maintains its principal place of business in the district, and committed one or more of the acts or omissions giving rise to this action in the district.

6. The trip subject to this action in which Plaintiffs were the passengers (cruisers) started on March 3, 2023 and the ship disembarked on March 15, 2023 in San Juan, Puerto Rico, a territory of the United States.

7. Plaintiffs have satisfied all conditions precedent, including the notice-of-claim requirement contained in their contract of passage for the subject cruise, for filing the action.

### General Allegations

8. Defendant is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States and the world. Defendant derives substantial revenues from cruises originating and terminating in various ports throughout the United States and its territories.

9 At all times material, Defendant was the owner, operator, owner pro hac vice or charterer of the *Viking Sea*, the vessel.

10 On or about March 9, 2023, Defendant owned, operated, managed, maintained, supervised, chartered, or controlled the *Viking Sea*, and specifically the restaurants and other eating places on the ship, including the "World Café".

11. On or about March 9, 2023, Plaintiffs were lawfully present on *Viking Sea* as the passengers (cruisers) under the contract with Defendant. At said time, Plaintiff Manusova visited the "World Café" on the ship. Unexpectedly for Plaintiff Manusova, the floor in the restaurant was wet. All of a sudden, Plaintiff Manusova slipped on the wet floor, violently flew in the air landing hard onto the floor of the restaurant. There was no warning visible for Plaintiff Manusova advising her that the floor was wet and slippery. As a result of the fall and Defendant's negligence, Plaintiff Manusova sustained the serious bodily injuries, including, among other injuries, fracture of the leg.

12. Prior to the incident, Defendant's crew members, including the employees in the restaurant, created, saw, should have seen for the time sufficient to eliminate the danger, and had actual and/or constructive notice of the dangerous condition that caused Plaintiff Manusova's fall, yet failed to take any action to eliminate the dangerous condition on the floor.

## Count 1 - Negligence

(Plaintiff Mira Manusova v. Defendant Viking River Cruises, Inc.)

13. Plaintiff Manusova incorporates by reference the foregoing paragraphs as though fully set forth herein.

14. At all times material, Defendant, through its employees, servants, agents, or representatives acting in the course and within scope of their employment, owed a duty to its passengers, including Plaintiffs, to exercise reasonable care in the maintenance and operation of the premises within the ship, including the restaurants and other eating places, specifically the World Café, in a reasonable and safe manner, free from hazardous and dangerous conditions, and timely and properly warn of dangerous conditions that it knew about or should have known through actual or constructive notice when harm to passengers is reasonably foreseeable.

15. Defendant breached its duties by:
    a. Failing to properly maintain and keep safe the floor within the restaurant in a reasonably safe condition for the passengers;

      b.    Creating a dangerous condition and trip hazard on the floor of the restaurant;

      c.    Failing to timely and properly inspect and monitor the floor for trip hazards and dangerous conditions;

      d.    Failing to timely and properly to clean and mopping the floor in the restaurant;

      e.    Failing to take reasonable care to eliminate the dangerous condition and trip hazard within the restaurant;

      f.    Failing adequately, to timely and properly, warn Plaintiff Manusova of the existence of the dangerous condition;

      g.    Failing to discover in a timely manner the dangerous condition and the trip hazard on the floor of the restaurant;

      h.    Failing to utilize reasonable and proper safety policies, instructions, procedures, protocols, and practices to detect dangerous conditions on the ship;

      1.    Failing to implement and enforce adequate policies and instruction for maintaining the safe floors on the ship;

      i.    Failing to properly train and instruct its crew members, including the employees in the restaurant, to detect, report and remedy dangerous conditions on the floors of the ship;

      j.    Failing to comply with the industry standards and Defendant's standards in maintaining the floors on the ship;

      k.    Allowing an unreasonably dangerous condition to remain on the floor of the restaurant when the crew members, including the employees of the restaurant, knew about or should have known of the dangerous condition;

      l.    Failing to adequately, properly and timely supervise its crew members, including the employees of the restaurant, for maintaining the floors

within the ship in a reasonably safe condition.

16. Defendant created, knew about, or should have known about the above-described conditions through the exercise of reasonable care.

17. The above condition was neither open nor obvious to Plaintiff Manusova and, accordingly, Defendant owed said Plaintiff the duty to warn of it or to correct it.

18. As a direct and proximate result of the aforementioned condition and negligence of Defendant, Plaintiff Manusova sustained serious and permanent bodily injuries, pain and suffering, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, loss of capacity for the enjoinment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of these damages, without being limited hereto, are permanent and continuing in nature.

## Count 2 - Loss of Consortium

(Plaintiff Mikhail Manusov v. Defendant Viking River Cruises, Inc.)

19. Plaintiff Mikhail Manusov incorporates by reference the foregoing paragraphs as though fully set forth herein.

20. Plaintiff Mikhail Manusov is, and at all times herein mentioned, was the lawful wedded husband of Plaintiff Mira Manusova.

21. Prior to the incident which caused the injuries to Plaintiff Mira Manusova, as alleged herein above, Plaintiff Mikhail Manusov was living, consorting, cohabiting and enjoying conjugal fellowship and sexual relations with his wife, plaintiff Mira Manusova, as she was able to and did perform all the duties of a wife, including assisting in maintaining the home, providing love, companionship, affection, comfort, protection, society, sexual relations, moral support and solace to her husband.

22. Plaintiff Mikhail Manusov is informed and believes and thereon alleges that he has been harmed by the aforesaid injuries to Plaintiff Mira Manusova caused by the Defendant's negligence, as described in this complaint.

23. As a direct and proximate result of the aforesaid negligence of the Defendant and the following injuries to Plaintiff Mira Manusova, she has been unable to provide

1 | Plaintiff Mikhail Manusov with the consortium that she provided before suffering the
2 | injuries.

3 |     24.    As a direct and proximate result of the aforesaid negligence of the Defendant and the following injuries to Plaintiff Mira Manusova, Plaintiff Mikhail Manusov was deprived of the services of his wife, comfort, solace, companionship, comfort, protection, society usually and ordinarily provided by a spouse in good health and of unimpaired vigor and strength, which in fact provided to him prior to the incident Plaintiff Mira Manusova.

    25.    As a further direct and proximate result of the aforesaid negligence of the Defendant and the following injuries to Plaintiff Mira Manusova, Plaintiff Mikhail Manusov suffered, and continues to suffer, the loss of conjugal fellowship of his wife, the loss of the enjoinment of usual sexual relations, and also his wife's physical assistance in operating and maintaining the family home. Plaintiff Mikhail Manusov will ask leave of this Court for permission to amend this complaint setting forth the amounts of his damages when the same are ascertained.

WHEREFORE,

Plaintiff Mira Manusova requests that this Honorable Court award to her money damages, including interest, reasonable costs and attorney fees as allowed by law; and any other and further relief that this Court may deem just and proper.

Plaintiff Mikhail Manusov requests that this Honorable Court award to him money damages, including interest, reasonable costs and attorney fees as allowed by law; and any other and further relief that this Court may deem just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: February 23 2024        LAW OFFICES OF JULIA SKLAR

By: _____
Julia Sklar
Attorneys for Plaintiffs Mira Manusova and Mikhail Manusov