**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126282)
Anita M. Eilert, Esq. (133639)
aeilert@kayerose.com
402 West Broadway, Suite 1220
San Diego, CA 92101
T: (619) 232-6555 | F: (619) 232-6577

Attorneys for defendant VIKING CRUISES USA LTD (erroneously sued as VIKING RIVER CRUISES, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA MANUSOVA, MIKHAIL MANUSOV, <br><br> Plaintiffs, <br><br> v. <br><br> VIKING RIVER CRUISES, INC., <br><br> Defendant. | **Case No.: 2:24-cv-01668-KS** <br><br> Complaint Filed: February 29, 2024 <br> Trial Date: Not Set <br><br> **DEFENDANT VIKING CRUISES USA LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** <br><br> Courtroom:   580 <br> Judge:  Hon. Karen Stevenson |

TO THE HONORABLE JUDGE OF SAID COURT:

Answering and responding to plaintiffs MIRA MANUSOVA and MIKHAIL MANUSOV's ("plaintiffs") Complaint, VIKING CRUISES USA LTD, erroneously sued as VIKING RIVER CRUISES, INC., (hereinafter referred to as "defendant") hereby submits its response as required by the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure Rule 8(b)(3)–(5), defendant generally

denies each and every allegation of plaintiffs' complaint, except where defendant expressly admits the specified allegation, or where defendant denies the given allegation on the basis that defendant lacks knowledge or information sufficient to form a belief as to its truth, as specified below:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of plaintiffs' complaint and on that basis denies them.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of plaintiffs' complaint and on that basis denies them.

3. Answering paragraph 3, the allegations in this paragraph are not directed to this answering defendant, this answering defendant lacks sufficient information or knowledge to justify a belief to plaintiffs' allegations in this paragraph and upon such grounds, denies same.

4. Answering paragraph 4, defendant denies that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is not facially apparent that plaintiffs have alleged an amount in controversy exceeding $75,000 and because plaintiffs pleading that they are a "resident" of Florida is insufficient to establish citizenship in Florida. Defendant lacks sufficient information or knowledge to justify a belief as to plaintiffs remaining allegations in this paragraph and upon such grounds, denies same.

5. Answering paragraph 5, defendant admits that venue is proper in this Court pursuant to a contractual forum selection clause in its Passenger Ticket Contract. Defendant lacks sufficient information or knowledge to justify a belief as to plaintiffs remaining allegations in this paragraph and upon such grounds, denies same.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of plaintiffs' complaint and on that

basis denies them.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of plaintiffs' complaint and on that basis denies them.

8. Answering paragraph 8, defendant admits that it is engaged in the business of operating cruises, and that it derives revenue from cruises originating and terminating in various ports throughout the world. Defendant denies the remainder of this allegation. Moreover, the allegations in this paragraph constitute legal conclusions as to the common carrier status of defendant. Insofar as these legal conclusions are addressed to defendant, no response is necessary, and insofar as a response is deemed necessary, defendant denies that it was a common carrier at the relevant times alleged in the Complaint and denies the remaining allegations in this paragraph.

9. Answering paragraph 9, defendant admits that it is the carrier operating VIKING SEA under the relevant Passenger Ticket Contract. Defendant denies the remaining allegations of this paragraph.

10. Answering paragraph 10, this answering defendant admits that it is the carrier operating VIKING SEA under the relevant Passenger Ticket Contract on March 9, 2023. Defendant admits that it was operating VIKING SEA at all times pertinent. Defendant denies it owns VIKING SEA. As to the remaining allegations, defendant states that it has not yet completed its investigation of the matters alleged and is therefore without sufficient information or belief as to such allegations and upon such ground denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of plaintiffs' complaint and on that basis denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of plaintiffs' complaint and on that

basis denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of plaintiffs' complaint and on that basis denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of plaintiffs' complaint and on that basis denies them.

15. Answering paragraph 15, defendant denies these allegations.

16. Answering paragraph 16, defendant denies these allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of plaintiffs' complaint and on that basis denies them.

18. Answering paragraph 18, defendant denies that it acted negligently. Further, defendant lacks knowledge or information sufficient to form a belief as to the truth of all the other allegations of paragraph 18 of plaintiffs' complaint and on that basis denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of plaintiffs' complaint and on that basis denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of plaintiffs' complaint and on that basis denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of plaintiffs' complaint and on that basis denies them.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of plaintiffs' complaint and on that basis denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of plaintiffs' complaint and on that basis denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of plaintiffs' complaint and on that basis denies them.

25. Answering paragraph 25, defendant denies that it acted negligently. Further, defendant lacks knowledge or information sufficient to form a belief as to the truth of all the other allegations of paragraph 25 of plaintiffs' complaint and on that basis denies them.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses which bar plaintiffs' claims in whole and/or in part:

1. Defendant alleges that plaintiffs' Complaint, and each cause of action stated therein, fails to allege facts sufficient to constitute a cause of action against defendant.

2. Defendant alleges that plaintiffs, and each of them, had full knowledge of any and all dangers and risks involved at the time and place alleged in plaintiffs' Complaint, that at that time and place plaintiffs knowingly, willfully, intentionally, freely and voluntarily consented to and accepted any and all such risks and dangers inherent in said undertaking and that any and all injuries and damages sustained by plaintiffs were directly and proximately caused by plaintiffs' voluntary assumption of all risks as aforesaid.

3. Plaintiffs failed to exercise proper care and caution, and failed to

heed defendant's warnings, and were therefore at fault, careless, reckless and negligent in and about the matters alleged in plaintiffs' Complaint, and said fault, carelessness, recklessness and negligence of plaintiffs, and/or their respective agents, servants or employees, directly and proximately contributed to plaintiffs' alleged injuries, damage or loss, which defendant continues to deny. Thus, plaintiffs' alleged damages, if any, should therefore be barred or reduced to the extent of such fault, carelessness, recklessness or negligence.

4. If plaintiffs sustained any injury, damage or loss, which defendant continues to deny, said injury, damage or loss has been brought about and caused wholly and solely by reason of the acts, breaches, negligence and conduct of plaintiffs, and/or others, and without any breach, negligence or other unlawful or wrongful conduct whatsoever on the part of defendant, and as a result and consequences thereof, plaintiffs are barred from relief or recovery herein against defendant

5. As a separate affirmative defense, defendant alleges that if plaintiffs sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was caused or contributed to by the later wrongful, intentional, criminal or negligent conduct of third parties and that such conduct was an intervening, superseding cause of the loss, damage or harm to plaintiffs as alleged in the Complaint.

6. In the event that defendant is found liable to plaintiffs, or either of

them, comparative negligence principles apply and defendant is liable only for an amount reflecting the percentage of fault attributable to it; its liability must be reduced by any percentage of fault attributable to plaintiffs, or either of them.

7. Plaintiffs have failed to timely join necessary and/or indispensable parties and the within action should be dismissed with prejudice for that reason.

8. As to each of the claims alleged in the Complaint, plaintiffs, or their respective agents' acts, conduct and/or omissions were the proximate cause of their alleged damages.

9. Defendant is informed and believes, and thereupon alleges, that any alleged conduct or omission by defendant was not the cause in fact, or proximate cause, of any injuries or damages alleged by plaintiffs. This defense is alleged in the alternative and does not admit any of the allegations contained plaintiffs' Complaint.

10. Defendant alleges, without admitting any duty owed to plaintiffs, that, at all relevant times, defendant exercised due diligence and reasonable care. Plaintiffs' claims are therefore barred in whole or in part because defendant acted with the appropriate standard of care at all relevant times.

11. Defendant alleges the Complaint, and the purported causes of action therein, are barred because plaintiffs failed to timely and adequately exhaust all contractual, administrative and statutory prerequisites.

12. The alleged damage and/or personal injuries to Plaintiffs, and either

of them, if any, were caused wholly or in part by the fault of persons or entities for whose actions defendant is not legally or contractually responsible.

13. Defendant's liability, if any, as alleged in plaintiffs' Complaint herein is barred by the doctrine of superseding and/or intervening cause including but not limited to the negligent, grossly negligent and/or criminal conduct of those individuals or corporations who caused or contributed to the alleged incident which forms the basis for plaintiffs' claims herein.

14. As to each of the claims alleged in the Complaint, plaintiffs have waived any and all rights underlying each and all of these and therefore are barred from any recovery thereon.

15. As to each of the claims alleged in the Complaint, plaintiffs have unreasonably delayed in bringing the claims, to the detriment of defendant, and therefore the doctrine of laches bars each and every claim alleged by Plaintiffs.

16. Defendant alleges plaintiffs' Complaint is barred by the applicable statute of limitations and/or contractual limitations period.

17. In taking any actions or making any omissions complained of, defendant has acted in the best interest of all parties, and its conduct has at all times been justified and privileged.

18. While defendant expressly denies the existence of any relationship, including an agency or independent contractor relationship, between itself and any entities or individuals who are found to have caused or contributed plaintiffs'

harm, defendant alleges in the alternative, without admitting any of the allegations contained plaintiffs' Complaint, that plaintiffs' claims are further barred in whole or in part by the respondeat superior doctrine, to the extent the Complaint's allegations concern any independent contractors and no employees of defendant. Further, defendant alleges the negligence, if any, and other wrongdoing alleged in plaintiffs' Complaint was committed by persons who are not employed by or agents of defendant, but who are independent contractors or other third parties, for whom liability may not be imputed to defendant, thus constituting intervening and superseding causes of plaintiffs' damages, if any.

19. Defendant alleges that it is not responsible for plaintiffs' harm because its conduct, if any, was permissible, lawful, and consistent with community and/or applicable industry standards.

20. Defendant alleges that at all times relevant to this litigation, it acted in good faith and reasonably based upon all relevant factors and circumstances known to it at the time of its actions.

21. Defendant alleges that the agency or instrumentality causing the incident, or plaintiffs' injuries, damages, or losses, was not within this defendant's exclusive management and control.

22. Plaintiffs' claims are barred in whole or in part by the inferential-rebuttal defense, including, but not limited to the extent that plaintiffs' claims are barred by: (a) new and independent cause, (b) sole proximate cause, (c)

unavoidable accident, (d) sudden emergency, and/or (e) acts of God.

23. Plaintiffs' claims are barred in whole or in part to the extent that plaintiffs failed to mitigate any damages incurred.

24. Defendant pleads that plaintiffs' recovery of medical or other healthcare expenses, if any, is limited to the amount actually paid or incurred by or on behalf of plaintiffs.

25. To the extent plaintiffs seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability and otherwise required by applicable law.

26. Defendant alleges that plaintiffs' claims for relief may be governed by federal maritime law and limited to remedies available pursuant to such law. Therefore, state law claims asserted by plaintiffs, and/or any person they purport to represent if any, are preempted by federal law.

27. Defendant alleges that because of the conduct, acts and omissions of plaintiff, plaintiffs are estopped from claiming the damages alleged in the Complaint.

28. Defendant alleges that, if it is found liable to plaintiffs for damages herein, which defendant denies, any such damage award should be offset by the amount paid by defendant to plaintiffs in the weeks and months following the

DEFENDANT'S ANSWER TO COMPLAINT

incident, including, but not limited to, reimbursement of all travel costs, reimbursement of all medical expenses, and reimbursement of any and all miscellaneous expenses paid by defendant.

29. Defendant alleges it is not and at all pertinent times, was not a seller, distributer, designer, manufacturer, maintenance provider, or retailer of the ship or any of its component parts and did not warrant the ship or its component parts; consequently, defendant cannot be held legally liable for any alleged design or manufacturing defects.

30. Defendant alleges that certain injuries and/or damages, if any, referred to in plaintiff's Complaint which are specifically denied, pre-existed the incident alleged in the Complaint in whole or in part, and plaintiffs cannot recover damages for their pre-existing condition from defendant.

31. Defendant alleges that should this Court find that plaintiffs, and/or any person they purport to represent, sustained damages for which defendant is responsible, which is expressly denied, defendant is entitled to a set-off for any collateral source payments paid or payable to plaintiffs, and/or any person they purport to represent, and for any settlements reached with persons or parties other than defendant for the damages alleged in the Complaint.

32. Defendant alleges that there is no liability as a danger, if any, which existed at the time and place mentioned in the complaint was a danger that would have been open, obvious, and reasonably apparent to, and would have been

anticipated by, a person exercising due care.

33.   Defendant alleges the Complaint, and each cause of action set forth therein, is barred, in whole or in part, because plaintiffs, and/or any person they purport to represent, have not sustained any injury, harm, and/or damage as a result of any actions allegedly taken by defendant and are thus barred from asserting any claims against, and/or obtaining monetary and/or injunctive relief from defendant.

34.   Defendant alleges the Complaint, and each cause of action set forth therein, is barred because the relief sought by plaintiffs would, if granted, unjustly enrich plaintiffs and/or any person they purport to represent.

35.   Defendant alleges the defendant did not authorize, ratify, encourage, participate in, aid or abet any of the alleged actions of its agents or alleged agents.

36.   To the extent any answer or response may be required to any paragraph of the Complaint, which is not set forth in this Answer, defendant generally denies any allegations contained in the Complaint that are not expressly admitted.

37.   Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, affirmative defenses are available. Accordingly, defendant reserves its rights to assert additional defenses in the event discovery indicates such action would be appropriate.

## **PRAYER**

WHEREFORE, defendant respectfully requests that plaintiffs take nothing by way of its Complaint, that judgment be entered in defendant's favor and against plaintiffs, that defendants be awarded its costs and expenses in defending this action, and all other just and proper relief.

Dated: April 9, 2024                                         **KAYE, ROSE & PARTNERS, LLP**

By: /s/ *Anita M. Eilert*
    Anita M. Eilert
    Attorneys for Defendant VIKING CRUISES USA LTD (erroneously sued as VIKING RIVER CRUISES, INC.)

DEFENDANT'S ANSWER TO COMPLAINT