| | |
|---|---|
| 1 | **LAW OFFICES OF JULIA SKLAR** |
| 2 | Julia Sklar (Bar. No. 200948)<br>14414 Hamlin Street |
| 3 | Van Nuys, CA 91401<br>Telephone: (818) 904-1597 |
| 4 | Fax: (818) 947-0177<br>Email:juliasklarlaw3@gmail.com |
| 5 | Attorneys for Plaintiffs |
| 6 | **MIRA MANUSOVA, MIKHAIL MANUSOV** |
| 7 | **KAYE, ROSE & PARTNERS, LLP** |
| 8 | Bradley M. Rose, Esq., SBN 126281<br>Anita M. Eilert, Esq., SBN 133639 |
| 9 | 402 West Broadway, Suite 1220 |
| 10 | San Diego, California 92101<br>Telephone: (619) 232-6555 |
| 11 | Facsimile: (619) 232-6577 |
| 12 | E-mail: aeilert@kayerose.com |
| 13 | Attorneys for Defendant, **VIKING CRUISES USA, LTD** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA MANUSOVA; MIKHAIL MANUSOV,<br><br>      Plaintiffs,<br><br>   v.<br><br>VIKING RIVER CRUISES, INC.<br><br>      Defendant. | **Case No.: 2:24-cv-01668-FMO(MRWx)**<br><br>Hon. Fernando M. Olguin<br><br>**JOINT RULE 26(f) Report**<br><br><u>Scheduling Conference</u><br><br>Date: July 11, 2024<br>Time: 10:00 a.m.<br>Ctrm.: 6D<br><br>Complaint filed: February 29, 2024 |

Pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure and this Court's June 4, 2024, Order Setting Scheduling Conference, Mira Manusova, Mikhail Manusov ("Plaintiffs") and Viking Cruises USA LTD ("Defendant") hereby submit their Joint Rule 26 (f) Report.

### a. <u>Statement Of The Case:</u>

This matter involves a disputed claim for personal injuries allegedly sustained by Plaintiff Manusova and her husband's claim for alleged loss of consortium. Plaintiffs were passengers aboard the cruise ship VIKING SEA which was operated at all times pertinent by Viking Cruises USA Ltd.

The ship commenced its voyage on March 3, 2023, in Manaus Brazil, and disembarked on March 15, 2023, in San Juan, Puerto Rico, a territory of the United States.

Plaintiffs claim that on March 9, 2023, as Plaintiff Manusova traversed the ship's "World Café", she slipped and fell. After the fall she allegedly observed water on the deck. Plaintiffs also claim there were no warning signs visible advising that the floor was wet and slippery. Plaintiffs claim that Plaintiff Manusova sustained serious bodily injuries, including, inter alia, a non-displaced left patella fracture.

Plaintiffs claim that the injuries resulted from the negligence of Defendant who allegedly failed to properly maintain the decking within the restaurant in a reasonably safe condition for passengers.

Defendant denies Plaintiffs' allegations and the extent of damages. Specifically, Defendant denies Plaintiff Manusova slipped as alleged. Moreover, Defendant contends warning signs were posted in the immediate area alerting passengers that given the area proximity to the pool deck, decks were slippery when wet.

Plaintiffs' Complaint was timely filed on February 29, 2024, pursuant to the terms of the Passenger Contract. The complaint alleges two causes of action against Defendant: Count 1 - Negligence on behalf Plaintiff Manusova; and Count 2 - Loss

of Consortium on behalf of Plaintiff Manusov.

Pursuant to agreement of counsel, defendant timely filed its Answer to the complaint on April 9, 2024, denying the allegations of the complaint.

b. **<u>Subject Matter Jurisdiction:</u>**

Jurisdiction in the instant court pursuant to 28 U.S.C. §1332(a) (1). Plaintiffs are current residents of the State of Florida and contend the amount in controversy exceeds $75,000,00 exclusive of costs. Defendant admits it is subject to the Court's personal jurisdiction pursuant to the forum selection clause found in Plaintiffs' Passenger Ticket Contract.

c. **<u>Legal Issues:</u>**

General Maritime law applies to this action.

***Plaintiffs' contentions:***

- Whether Defendant breached its duty of reasonable care under the circumstances to Plaintiffs.
- Whether the allegedly wet floor was the proximate cause of Plaintiff Manusova's injuries.
- Whether the alleged wet floor resulted in Plaintiff Manusov's loss of consortium.
- The nature and extent of Plaintiffs' damages.

***Defendant's Contentions:***

- Whether the incident occurred as alleged.
- Whether the deck was wet as alleged.
- Whether Defendant was aware of the allegedly wet floor.
- Whether Defendant have an opportunity to remedy the allegedly dangerous condition.
- Whether Plaintiff Manusova failed to heed the warning signs.
- Whether Plaintiff Manusova's actions were the sole and/or proximate cause of her falling.

- Whether Plaintiff Manusova had pre-existing conditions which caused or contributed to the alleged incident and/or extent of damages.
- Whether Plaintiff Manusova's initial reporting of the alleged incident and her documented injuries suggest a trip and fall, rather than a slip and fall.
- Whether Plaintiff Manusova mitigated her damages.
- Whether Defendant is liable for Plaintiff Manusov's loss of consortium claim.

d. **Parties, Evidence**

**The Parties:**

- Plaintiff Mira Manusova – is a 78-year-old woman and current resident of Aventura, Florida, where she is domiciled.
- Plaintiff Mikhail Manusov - is a 75-year-old man and resident of Aventura, Florida, where he is domiciled.
- Defendant Viking Cruises USA LTD is a foreign corporation existing under the laws of Bermuda with its principal place of business in Basel, Switzerland. Its parent is Viking Cruises Ltd., a Bermuda Corporation.

**Percipient Witnesses**

- Mira Manusova Plaintiff,
- Mikhail Manusov, Plaintiff,
- Staff and Crew responsible for World Café at the time (Names yet to be identified);
- Fellow passengers aboard the vessel who may have witnessed the incident (Names Unknown and yet to be identified);
- Shipboard Medical Doctor (Bruno Veneto, M.D.);
- Shoreside Orthopedic Surgeon: (Gregory Komenda, M.D.)
- All medical and insurance providers identified in discovery.

///

***Evidence and Key Documents:***

- Without prejudice to the parties' rights to present evidence on any relevant issues, the parties contemplate they will present documentary evidence including *inter alia*:

    Documentary evidence including:
    - The written reports reflecting the subject incident;
    - Plaintiff's Notice of Claim,
    - Medical records, reports, and statements of the physicians who treated Plaintiff Manusova;
    - Additionally, the parties contemplate they will present evidence concerning all factual, evidentiary and legal support necessary to support their respective allegations and defenses, including photographs, percipient witness deposition transcripts, and the testimony of treating physicians and experts.

e. ***Insurance:***

Defendant contends that inquiries into insurance are allowed only because the courts recognize the practical impact of the existence or non-existence of insurance and the amount thereof for purposes of settlement. At the time of the alleged incident, Defendant was entered with Steamship Mutual on a Protection and Indemnity policy with funds sufficient to respond to the instant claim.

f. ***Magistrate Judge:***

Plaintiffs filed their Motion to the Notice of Consent to a Magistrate Judge on March 29, 2024. Defendant has not consented to a Magistrate Judge but is willing to consider an early Mandatory Settlement Conference before the Magistrate.

///

///

///

    **g.**    *Discovery:*

The parties have exchanged preliminary written discovery and responses are pending. The parties are willing and have agreed to participate in early mediation of this matter before a mutually agreeable Mediator. Currently the parties are in the process of agreeing on a mediator and ascertaining availability. Should the mediation fail to resolve the matter, Defendant will then immediately proceed to take both Plaintiffs' depositions and have Plaintiff Manusova under a Defense Medical Examination.

**Proposed Changes to Rules 26(a)(1) Disclosures**. The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1), except the deadlines should be extended, and such disclosures will be made on or before July 30, 2024

The Parties agree and propose a discovery cut-off date of February 5, 2025, for scheduling purposes. The parties propose the following in the absence of other directions from the court or stipulation by the Parties, the disclosures will be made as follows:

    Expert Disclosure (Initial)    - 12/15/2024
    Expert Disclosure (Rebuttal)    -01/12/2025
    Expert Discovery Cut-Off    - 03/05/2025

    **h.**    *Motions:*

At this juncture the parties do not anticipate adding parties, amending the pleadings, seeking a change of venue, and/or any other motions (other than perhaps potential discovery motions, if necessary).

    **i.**    *Class Certification:*

Not applicable. A class certification motion is not anticipated.

///

///

///

**j.      Dispositive Motions:**

The parties at this juncture do not intend on bringing any dispositive motions. The parties agree that any dispositive motion should be filed on or before February 3, 2025.

**k.      Settlement/Alternative Dispute Resolutions (ADR):**

The parties have engaged in preliminary settlement discussions. The parties are interested in a Mandatory Settlement Conference before a Magistrate, and should that not resolve the matter, pursue private mediation as set forth in Local Rule 16-15.4, Settlement Procedure No. 3 (private mediation) should be adopted by the Court as the suggested settlement procedure in this action.

**l.      Pretrial Conference And Trial:**

The parties propose the following dates:

Final Pretrial Conference - June 6, 2025

Trial                                   - June 25, 2025

**m.      Trial Estimate:**

The parties estimate that a trial by jury in this action will require 4-5 days. The parties anticipate calling approximately 4 witnesses each.

**n.      Trial Counsel:**

Plaintiffs' case will be tried by its counsel Julia Sklar. Defendant's case will be tried by its counsel Anita M. Eilert and Jared M. Kaye.

**o.      Independent Expert Or Master:**

The parties do not anticipate the services of an Independent Expert or a Master will be required.

///
///
///
///
///

**p.** *Other Issues:*

The only issue the parties anticipate is the need for possible additional time to: (1) Accommodate an inspection of the subject vessel which will continue to sail a foreign itinerary; and (2) Conduct depositions of foreign national crewmembers in foreign countries.

Dated: June 27, 2024                    **LAW OFFICES OF JULIA SKLAR**

By: */s/ Julia Sklar*
    Julia Sklar, Esq.
    Attorneys for Plaintiffs
    Mira Manusova, Mikhail Manusov

Dated: June 27, 2024                    **KAYE, ROSE & PARTNERS, LLP**

By: */s/ Anita M. Eilert*
    Anita M. Eilert
    Attorneys for Defendant
    VIKING CRUISES USA, LTD

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest those other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Anita M. Eilert*
Anita M. Eilert